UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ESTHER REIZES-LOWENBEIN
on behalf of herself and
all other similarly situated consumers

                          Plaintiff,


        -against-


BASS & ASSOCIATES, P.C.

                          Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Esther Reizes-Lowenbein seeks redress for the illegal practices of Bass &
Associates, P.C., concerning the collection of debts, in violation of the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in
that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in
Tuscan, Arizona.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
1692(a)(6).

*Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Esther Reizes-Lowenbein*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about January 29, 2018, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said collection letter was received by the Plaintiff in an envelope which contained a glassine window.

12. Through the window of the envelope, was visible the apparent name of the sender, *Student Loan Department*, along with an address, below which was the Plaintiff's name and address.

13. Upon opening the letter, the consumer immediately discovers, in uppercase letters, the words:

> US DEPARTMENT OF EDUCATION
> NATIONAL PAYMENT CENTER

14. Yet the said January 29, 2018 letter was in fact, sent by a collection agency, the Defendant, Bass & Associates, P.C. and not from the US Department of Education.

15. Upon retrieving the said envelope from her mailbox, the Plaintiff was deceived into believing that the letter was from an entity other than the Defendant, i.e., from the US Department of Education.

16.     15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

17.     15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18.     The Defendant's actions are a ploy to make the consumer panic as he or she will believe that the letter came directly from the US Department of Education itself.

19.     Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

20.     The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

21.     The said letter is a standardized form letter.

22.     Defendant's conduct violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f for false, deceptive, misleading and unconscionable means to collect or attempt to collect any debt.

23.     Upon information and belief, the said January 29, 2018 letter was the Defendant's initial communication with the Plaintiff.

24.     The letter fails to adequately convey the "amount of the debt":

25.     On the rear side of the said letter was stated in part: "As of the date of this letter, the

balance is the amount shown on this letter. Because interest may accrue on a portion of the balance, and other charges including but not limited to late fees, may accrue from day to day, the amount required to pay the balance in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after receipt of your payment. In that event, we will notify you of any adjustment in the balance."

26.    This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

27.    The language stated above violates these provisions because it fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, what other interest or charges might apply.

28.    The letter does not provide any explanation or information about the claimed accruing interest and charges.

29.    In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

30.    In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in the future.

31.    The failure to provide this information or tools to ascertain "the amount of the debt" on

the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to meaningfully provide "the amount of the debt".

32.  It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at any given time in the future. See Taylor v. Fin. Recovery Servs., Inc., No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2018). ("In Carlin, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

33.  In Carlin v. Davidson Fink LLP, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase."

34.  This language in the collection letter did not adequately state the amount of the debt, as required under the FDCPA. In particular, the collection letter failed to specify or explain what the interest rate was or what type of charges could cause the balance to increase, nor did they inform the debtor what he or she would need to pay to resolve the debt at any given moment in the future. The letter precluded a determination of what "the amount if the debt" was on the date of receipt of the letter.

35.   The least sophisticated consumer would not understand how the fees would be calculated; what the current interest rate was and whether they could be disputed; or what provision of the underlying credit agreement gave rise to them.

36.   Similar to <u>Carlin</u>, the Collection Letter, in this case, refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, it would be impossible to conclude whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.

37.   The Defendant did not refer the Plaintiff to the underlying credit card agreement with the original lender. The least sophisticated consumer would not understand from this reference what provision of that agreement, if any, gives rise to the potential "accrued interest and other charges" described in the said collection letter.

38.   The Defendant's collection letter violates sections 1692g(a)(1) and 1692e of the FDCPA, since the collection letter failed to adequately convey the "amount of the debt".

39.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

40.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

41.   A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

42.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

43.    The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

44.    The letter fails to inform Plaintiff whether the amount listed already includes accruing "interest."

45.    The letter fails to inform Plaintiff whether the amount listed already includes "other charges including but not limited to late fees."

46.    The letter fails to advise Plaintiff what portion of the amount listed is principal.

47.    The letter fails to inform Plaintiff whether the amount listed will increase.

48.    The letter should have disclosed that interest was accruing, or in the alternative, that the creditor and / or Defendant had made the decision to waive any accruing interest.

49.    The letter fails to inform the consumer as to what he or she may need to pay to resolve the debt at any moment after the date of the letter, or provide an explanation of any fees and interest that will cause the balance to increase.

50.    The letter fails to inform Plaintiff what "other charges including but not limited to late fees" might apply.

51.    The letter fails to inform Plaintiff if "other charges including but not limited to late fees" are applied, when such "other charges" will be applied.

52.    The letter fails to inform Plaintiff if "other charges including but not limited to late fees" are applied, what the amount of those "other charges including but not limited to late fees" will be.

53.    The letter fails to inform Plaintiff of the nature of the "other charges including but not

limited to late fees."

54.     The letter fails to inform Plaintiff if there is accruing "interest," what the amount of the accruing interest will be.

55.     The letter fails to inform Plaintiff if there is accruing "interest," when such interest will be applied.

56.     The letter fails to inform Plaintiff if there is accruing "interest," what the interest rate is.

57.     The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per day.

58.     The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per week.

59.     The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per month.

60.     The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per any measurable period.

61.     The letter fails to indicate the minimum amount Plaintiff owed at the time of the letter.

62.     The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

63.     The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

64.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

65.     The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "**as of the date of this letter**," at any time after

receipt of the letter.

66.     The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

67.     If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

68.     If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accruing interest will be.

69.     If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

70.     If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

71.     If "other charges including but not limited to late fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other charges including but not limited to late fees."[1]

72.     In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether

---

[1] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017). ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges;" how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time."), Polak v. Kirschenbaum & Phillips, P.C., No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018). ("Defendant adds that the Creditor "is electing not to collect interest at this time." In the context of the statement that no interest has accrued since charge-off, the statement that the "amount may vary from day to day due to interest and other charges" could mislead the least sophisticated consumer to believe that interest has stopped accruing. Defendant is not helped by its contention that this statement is true in that the characterization of "may" accurately conveys the two different scenarios: that interest is accruing and could be collected in the future, and that the Creditor is choosing not to collect interest at this time.")

the amount listed will increase.

73.    In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges including but not limited to late fees" might apply.

74.    In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges including but not limited to late fees" will be applied.

75.    Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).[2]

76.    The Defendant's letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

77.    The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

78.    Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

79.    The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

80.    Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

81.    Within the letter, Defendant provided the Plaintiff with her validation rights, including her right to dispute the debt, in writing and request the validity of the debt.

---

[2] Polak v. Kirschenbaum & Phillips, P.C., No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018). ("Pursuant to the holding in Carlin, this [alleged letter's language] is not enough to satisfy Section 1692g's requirement that the written notice contain the amount of the debt.")

82.    Yet nowhere in the letter did the Defendant, Bass & Associates, P.C. provide its address.

83.    Instead, the said Defendant brazenly states that the letter is from the "US Department of Education, National Payment Center" making an address to send any disputes to defective.

84.    In fact, the consumer is completely left in the dark as to who exactly the "US Department of Education, National Payment Center" is, and to which address to send any disputes to.

85.    The letter provides a PO Box for the "Student Loan Department" and another for the "US Department of Education, National Payment Center" but does not direct the consumer as to which PO Box is for disputes.

86.    The consumer on the whole does not even know where the said collection letter is coming from.

87.    Said language is deceptive as it leads the least sophisticated consumer to be confused as of her rights to dispute the debt with the debt collector.

88.    The said letter provides the consumer no direction as to how to go about disputing her debt.

89.    This defect renders the validation notice ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

90.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

91.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

92.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection

communications.

93.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

94.   Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

95.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

96.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

97.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

98.   As an actual and proximate result of the acts and omissions of Bass & Associates, P.C., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

<u>**AS AND FOR A CAUSE OF ACTION**</u>

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

99.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through ninety eight (98) as if set forth fully in this cause of action.

100.    This cause of action is brought on behalf of Plaintiff and the members of three classes.

101.    Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 29, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt.

102.    Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about January 29, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

103.    Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about January 29, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter's

validation notice is rendered as ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

104. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

105. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

106.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

107.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

108.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

109.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

A.   Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.   Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 9, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)



| REFERENCE NO. | PRINCIPAL BAL | INTEREST |
|---|---|---|
| 1028765973 | $42,911.80 | $9,276.35 |
| PENALTY CHARGES | FEES & COST | CURRENT BALANCE |
| $0.00 | $12,702.58 | $64,890.73 |
| DO NOT SEND CASH | AMOUNT PAID: | |

Student Loan Department
P.O. Box 66080
Tucson, AZ 85728

ADDRESS SERVICE REQUESTED

January 29, 2018

ESTHER REIZES-LOWENBEIN
580 CROWN ST
APT 109
BROOKLYN, NY 11213-5355

MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION
SHOW YOUR SOCIAL SECURITY NUMBER ON YOUR CHECK
RETURN THIS PORTION WITH YOUR PAYMENT

SEND PAYMENT TO:

855-533-1107
OFFICE HOURS
MON – THR 8AM – 9PM
FRI 8AM – 5PM, SAT 8AM – 12PM

US DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA, GA 30348-5028

4 410287659732 0000001234 00000604      4 410287659732 0001292018 64890737

Student Loan Department
P.O. Box 66080
Tucson, AZ 85728

ADDRESS SERVICE REQUESTED

January 29, 2018

ESTHER REIZES-LOWENBEIN
580 CROWN ST
APT 109
BROOKLYN, NY 11213-5355

| REFERENCE NO. | PRINCIPAL BAL | INTEREST |
|---|---|---|
| 73 | $42,911.80 | $9,276.35 |
| PENALTY CHARGES | FEES & COST | CURRENT BALANCE |
| $0.00 | $12,702.58 | $64,890.73 |
| DO NOT SEND CASH | AMOUNT PAID: | |

MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION
SHOW YOUR SOCIAL SECURITY NUMBER ON YOUR CHECK
RETURN THIS PORTION WITH YOUR PAYMENT
SEND PAYMENT TO:

855-533-1107
OFFICE HOURS
MON – THR 8AM – 9PM
FRI 8AM – 5PM, SAT 8AM – 12PM

US DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA, GA 30348-5028

**Notice to State of New York Residents:**

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income (SSI);
2. Social Security;
3. Public Assistance (welfare);
4. Unemployment benefits;
5. Disability benefits;
6. Workers' compensation benefits;
7. Public or private pensions;
8. Veterans' benefits;
9. Spousal support, maintenance (alimony) or child support;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Debt Collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i)     the use of threat of violence;
(ii)    the use of obscene or profane language; and
(iii)   repeated phone calls made with the intent to annoy, abuse, or harass.

New York City Department of Consumer Affairs License Number 2053329.        Attn: Leslie Adams

Creditor: United States Department of Education

The United States Department of Education ("Department") has placed your defaulted student loan or grant overpayment debt with Bass & Associates, P.C. to assist in resolving your obligation(s). We are advised by the Department that you are indebted to them in the amount set forth above and we have been requested to collect this amount from you.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION REGARDING YOUR RIGHTS**

| First Name | | MI | |
| Last Name | | | |
| Address | | | |
| City | | Home Phone | |
| State | Zip | Office Phone | |

||ııı|ıı|ı·ı|ı|ıılıılıı||ıı·ıı·ıı||ıı·ı·ıı·ıı|ıı|ıı||ı·ıı|ıı·ıı|ıı

US DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA, GA 30348-5028

***Important Consumer Notice as Required by Law ***

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Hopefully, you will choose to contact this office to arrange payment in a reasonable and mutually satisfactory manner. Please contact us in this regard at 855-533-1107.

Sincerely,
Bass & Associates, P.C.

As of the date of this letter, the balance is the amount shown on this letter. Because interest may accrue on a portion of the balance, and other charges, including but not limited to late fees, may accrue from day to day, the amount required to pay the balance in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after receipt of your payment. In that event, we will notify you of any adjustment in the balance. We encourage you to call us prior to making a payment intended to pay the balance in full. If you have a complaint, compliment, or other customer service feedback please let us know. You can reach us toll-free at (855) 533-1107, by fax at (520)784-5958 or via our website at www.Bass-Associates.com

60A Ver 2 - s1868

| REFERENCE NO. | PRINCIPAL BAL | INTEREST |
|---|---|---|
| 73 | $42,911.80 | $9,276.35 |
| PENALTY CHARGES | FEES & COST | CURRENT BALANCE |
| $0.00 | $12,702.58 | $64,890.73 |
| DO NOT SEND CASH | AMOUNT PAID: | |

Student Loan Department
P.O. Box 66080
Tucson, AZ 85728

ADDRESS SERVICE REQUESTED

January 29, 2018

ESTHER REIZES-LOWENBEIN
580 CROWN ST
APT 109
BROOKLYN, NY 11213-5355

MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION
SHOW YOUR SOCIAL SECURITY NUMBER ON YOUR CHECK
RETURN THIS PORTION WITH YOUR PAYMENT
SEND PAYMENT TO:

855-533-1107
OFFICE HOURS
MON – THR 8AM – 9PM
FRI 8AM – 5PM, SAT 8AM – 12PM

US DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA, GA 30348-5028

**Notice to State of New York Residents:**

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income (SSI);
2. Social Security;
3. Public Assistance (welfare);
4. Unemployment benefits;
5. Disability benefits;
6. Workers' compensation benefits;
7. Public or private pensions;
8. Veterans' benefits;
9. Spousal support, maintenance (alimony) or child support;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Debt Collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i)     the use of threat of violence;
(ii)    the use of obscene or profane language; and
(iii)   repeated phone calls made with the intent to annoy, abuse, or harass.

New York City Department of Consumer Affairs License Number 2053329.          Attn: Leslie Adams

Creditor: United States Department of Education

The United States Department of Education ("Department") has placed your defaulted student loan or grant overpayment debt with Bass & Associates, P.C. to assist in resolving your obligation(s). We are advised by the Department that you are indebted to them in the amount set forth above and we have been requested to collect this amount from you.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION REGARDING YOUR RIGHTS**

| First Name | | | | | | | | | | | | | | | MI | | |
| Last Name | | | | | | | | | | | | | | | | | |
| Address | | | | | | | | | | | | | | | | | |
| City | | | | | | | | | | | Home Phone | | | | | | |
| State | | | Zip | | | | - | | | | Office Phone | | | | | | |

US DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA, GA 30348-5028

***Important Consumer Notice as Required by Law ***

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Hopefully, you will choose to contact this office to arrange payment in a reasonable and mutually satisfactory manner. Please contact us in this regard at 855-533-1107.

Sincerely,
Bass & Associates, P.C.

As of the date of this letter, the balance is the amount shown on this letter. Because interest may accrue on a portion of the balance, and other charges, including but not limited to late fees, may accrue from day to day, the amount required to pay the balance in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after receipt of your payment. In that event, we will notify you of any adjustment in the balance. We encourage you to call us prior to making a payment intended to pay the balance in full. If you have a complaint, compliment, or other customer service feedback please let us know. You can reach us toll-free at (855) 533-1107, by fax at (520)784-5958 or via our website at www.Bass-Associates.com

60A Ver 2 - s1868